

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

August 19, 2021

**VIA ECF & E-MAIL**
United States District Court
Southern District of New York
Attn: John P. Cronan, U.S.D.J.
500 Pearl Street, Courtroom 12D
New York, NY 10007-1312
cronannysdchambers@nysd.uscourts.gov

Re:    Gioules v. Antigua Pharmacy LLC, *et ano.*
       Case No.: 1:21-cv-6400 (JPC) (SDA)
       Plaintiff's Letter in Response to Defendants' Notice of Motion to Dismiss

Dear Judge Cronan:

This office represents the Plaintiff in the above-referenced case. Plaintiff writes to oppose Defendants' request to move to dismiss and respectfully cross-moves for an Order referring this case to mediation.

This is a wage-and-hour case brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") to recover overtime wages, spread of hours compensation, illegal deductions from wages, damages for violations of recordkeeping violations, and damages for retaliation against the Plaintiff for threatening him after he complained about his wages.

The complaint in this case was filed on July 27, 2021. See Docket Entry 1. Defendants were duly served on August 11, 2021. See Docket Entries 9-10. On August 17, 2021, Defendants appeared *pro se* and moved to dismiss by filing a notice of motion and a letter arguing that: (i) she financially cannot retain an attorney to represent herself or her corporation; (ii) the complaint is an "absolute devastation and outrage to my business" because she has provided much to her community; (iii) Plaintiff previously filed lawsuits against other businesses to "destroy small business and collect reward;" and (iv) this "fraudulent activity must be noted" and Plaintiff "must be stopped from taking advantage of" Defendants. See Docket Entry 8. The basis of her motion, which lacks any supporting memorandum of law, is "due to lack of evidence." Id. Defendants also request a hearing "if needed." Id.

**Defendants' Defective Motion Must be Denied & the Corporate Entity Must Appear by Counsel**

Defendants' motion must be denied on both procedural and substantive grounds as further set forth below, and the corporate defendant must be Ordered to appear by counsel.

As an initial matter, the Local Civil Rules ("LCR") provide that that on *all* civil motions, a notice of motion, supporting affidavits, *and* memoranda of law shall be served by the moving party on all other parties that have appeared in the action. See LCR 6.1 (emphasis added). Here, Plaintiff only serviced a notice of motion without any supporting affidavit nor memorandum of law. As such, it should be dismissed as defective.

While this Court must be mindful that Defendants are appearing *pro se* in construing their papers liberally and interpreting them to raise the strongest arguments they suggest,[1] it is of no moment that Defendants are appearing *pro se* such that they are excused from the dictates of the LCR and the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"). Indeed, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." See Bell v. Jendell, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation and quotation marks omitted); see also Caidor v. Onondaga County, 517 F.3d 601, 605 (2d Cir. 2008) ("*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them") (citation and italics omitted)).

Moreover, on that note, it is improper for Defendant Antigua Pharmacy LLC to appear without counsel. See Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55...") (internal citations omitted); see also Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) ("[W]e have long required corporations to appear through a special agent, the licensed attorney"). This requirement extends to limited liability companies. See Lattanzio v. COMTA, 481 F.3d 137 (2d Cir. 2007) (recognizing the rule that a limited liability company must appear in federal court only through a licensed attorney).

This Court should therefore Order Antigua Pharmacy LLC to appear by counsel and warn that failure to comply with this Order will result in entering a default against it. A corporate defendant's failure to comply with a court order to retain counsel is an appropriate basis for striking that defendant's answer and entering default. See Inga v. Nesama Food Corp., No. 20-CIV.-909 (ALC), 2021 WL 3624666, at *3 (S.D.N.Y. July 30, 2021), report and recommendation adopted, No. 20-CIV.-909 (SLC), 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021) (citing Arch Ins. Co. v. Sky Materials Corp., No. 17-CIV.-2829 (CBA) (LB), 2021 WL 966110, at *3 - 4 (E.D.N.Y. Jan. 29, 2021) (collecting cases in which courts struck defendants' answers for failure to comply with orders to retain and appear through counsel).

Turning to the merits, then, the basis of Defendants' motion is due to "lack of evidence." However, at the pleading stage of this case where it now sits, the Plaintiff is required only to make a short and plain statement showing that the pleader is entitled to relief and this Court must accept all well-pled factual allegations as true. See Barkai v. Ruppert, No. 21-CIV.-3695 (LTS), 2021 WL 3621359, at *1 (S.D.N.Y. Aug. 16, 2021). The complaint cannot therefore be dismissed due to any purported lack of evidence. Finally, Defendants' contributions to the community and the existence of other lawsuits filed by Plaintiff have no bearing on the merits of this case where Defendants demonstrably failed to properly pay Plaintiff in accordance with the law.

---

[1] See Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013).



Phone: (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

Accordingly, Defendants' defective motion must be denied.

### **The Parties Should be Ordered to Mediate this Case**

Plaintiff respectfully seeks an Order referring this case to mediation. There is simply no sense in unnecessarily litigating this case in which Plaintiff is virtually guaranteed success where it is respectfully submitted that Defendants do not have accurate time and payroll records.

Rule 16 authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... expediting disposition of the action [or] facilitating settlement." See Fed. R. Civ. P. 16(a)(1), (a)(5). Mandatory attendance at such conferences is not, however, limited to attorneys and *pro se* litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." See Chen v. Marvel Food Servs., LLC, No. 15-CIV.-6206 (JMA) (AYS), 2016 WL 6872626, at *2 (E.D.N.Y. Nov. 21, 2016) (citing Fed. R. Civ. P. 16(c)(1); see also 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences)).

Here, the assistance of a mediator may be instrumental to resolving this case, especially where Defendants currently appear without counsel and apparently do not have an understanding of the law. Accordingly, this Court should enter an Order referring this case to mediation and requiring Defendants to appear therein.

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Forest Hills, New York
August 19, 2021

Respectfully submitted,

**SHALOM LAW, PLLC**
/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
Jonathan@shalomlawny.com
*Attorneys for Plaintiff*

3