

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

October 31, 2021

**VIA ECF & E-MAIL**
United States District Court
Southern District of New York
Attn: John P. Cronan, U.S.D.J.
500 Pearl Street, Courtroom 12D
New York, NY 10007-1312
cronannysdchambers@nysd.uscourts.gov

Re:   Gioules v. Antigua Pharmacy LLC, *et ano.*
      Case No.: 1:21-cv-6400 (JPC) (SDA)
      **Plaintiff's Letter Motion re Amendment of Mediation Referral Order**

Dear Judge Cronan:

This office represents the Plaintiff in the above-referenced case. Plaintiff writes to respectfully request an Order requiring Defendant appear by counsel at the mediation in the process of being scheduled in accordance with this Court's October 19, 2021 Mediation Referral Order.

This is a wage-and-hour case brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") to recover overtime wages, spread of hours compensation, illegal deductions from wages, damages for violations of recordkeeping violations, and damages for retaliation against the Plaintiff for threatening him after he complained about his wages.

As set forth previously, it is improper for Defendant Antigua Pharmacy LLC to appear without counsel. See Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55...") (internal citations omitted); see also Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) ("[W]e have long required corporations to appear through a special agent, the licensed attorney"). This requirement extends to limited liability companies. See Lattanzio v. COMTA, 481 F.3d 137 (2d Cir. 2007) (recognizing the rule that a limited liability company must appear in federal court only through a licensed attorney).

However, despite this clear mandate under the law, it appears that Defendants intend to continue defending themselves *pro se*. Indeed, on or about October 28, 2021, in correspondence with representatives of this Court's ADR Program, your undersigned was informed that the Mediation Referral Order was sent "without caveats, so it would be possible to proceed to mediation even if the corporation does not have counsel."

1

The representatives of this Court's ADR Program also stated that, in any event, it did not have authority to compel the Defendants to retain counsel for the corporate defendant.

Accordingly, Plaintiff respectfully seeks an Order requiring Defendant Antigua Pharmacy LLC to appear by counsel at any scheduled mediation.

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Forest Hills, New York
October 31, 2021

Respectfully submitted,

**SHALOM LAW, PLLC**
/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
10513 Metropolitan Avenue
Forest Hills, NY 11375
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com
*Attorneys for Plaintiff*