

A T T O R N E Y S  &  C O U N S E L O R S  -  A T  -  L A W

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

November 29, 2021

**<u>VIA ECF & E-MAIL</u>**
United States District Court
Southern District of New York
<u>Attn</u>: John P. Cronan, U.S.D.J.
500 Pearl Street, Courtroom 12D
New York, NY 10007-1312
cronannysdchambers@nysd.uscourts.gov

Re:   Gioules v. Antigua Pharmacy LLC, *et ano.*
        Case No.: 1:21-cv-6400 (JPC) (SDA)
        Plaintiff's Status Report on Mediation and the Merits

Dear Judge Cronan:

This office represents the Plaintiff in the above-referenced case.  Plaintiff writes in accordance with this Court's Orders dated October 19, 2021 and November 22, 2021 requiring him to propose next steps in this action should the corporate Defendant fail to appear by counsel (as it is required to under the law), advise as to the status of mediation, and whether Plaintiff intends to move for a default judgment against the Defendants.  <u>See</u> Docket Entries 16 and 19, respectively.

With respect to mediation, Plaintiff contacted the Mediation Office on October 19, 2021 to begin the mediator selection process.  On October 28, 2021, an issue arose as to whether the corporate defendant intended to appear by counsel at the mediation, at which point the Mediation Office advised that it was not required to have the corporate Defendant appear by counsel unless Ordered otherwise by this Court.  Plaintiff sought and obtained such an Order from the Court (<u>see</u> Docket Entries 17-18), notified the Mediation Office of same, and was advised that the corporate Defendant was in the process of seeking counsel through a clinic at the court.  On November 22, 2021, Plaintiff followed up with the Mediation Office but has not heard back since then.

On the merits, Plaintiff respectfully submits that the Defendants were required to file an answer by November 18, 2021.  <u>See</u> Docket Entry 16.  Defendants have failed to do so, such that the clerk must enter the party's default by issuing a certificate of default where such failure is shown by affidavit or otherwise.  <u>See</u> Fed. R. Civ. P. 55.  Accordingly, Plaintiff seeks a reasonable amount of time to submit an appropriate affidavit to request a certificate of default from the clerk.

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Forest Hills, New York
        November 29, 2021                    Respectfully submitted,

                                            **SHALOM LAW, PLLC**
                                            <u>/s/ *Jonathan Shalom*</u>
                                            Jonathan Shalom, Esq.
                                            10513 Metropolitan Avenue
                                            Forest Hills, NY 11375
                                            (718) 971-9474 (office)
                                            (718) 865-0943 (facsimile)
                                            jonathan@shalomlawny.com

                                            *Attorneys for Plaintiff*