UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICK GIOULES,

                           Plaintiff,

        -against-

ANTIGUA PHARMACY LLC and BRENDALIS
ANTIGUA,

                           Defendants.
------------------------------------------------------------------X

**Case No.: 1:21-cv-6400 (JPC) (SDA)**

**<u>DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS</u>**

**JONATHAN SHALOM, ESQ.**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

    1. I am an attorney licensed to practice law in the State of New York and before this Court, and am also the managing member of Shalom Law, PLLC, attorneys of record for Plaintiff Nick Gioules in this case.

    2. I submit this affidavit in support of Plaintiff's instant motion by Order to Show Cause for an entry of default judgment against Defendants.

    3. I have personal knowledge of the facts set forth below based on my review of the file and conversations with my client.

    4. Plaintiff seeks the entry of default judgment against Defendants on account of their erstwhile failure to file an Answer to Plaintiff's Complaint, dated July 27, 2021, in which Plaintiff asserted against Defendants causes of action for unpaid overtime wages and retaliation under both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as causes of action under the NYLL for recordkeeping violations and failure to provide spread of hours compensation.

5. This court has jurisdiction over Defendants because, at all relevant times, Defendants resided and/or transacted business, and employed Plaintiff within this judicial district.

6. This court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district for the reasons stated in Paragraphs 5 and 6 above.

8. Plaintiff filed this complaint against Defendants on July 27, 2021. See Docket Entry 1.

9. On August 11, 2021, Defendants were served by leaving process at Antigua Pharmacy LLC with a person of suitable age and discretion and mailing process via first class mail as required under the law to effectuate service. See Docket Entries 9-10.

10. In fact, on August 17, 2021, just six (6) days later, Defendants appeared *pro se* and filed a motion to dismiss. See Docket Entries 7-8.

11. On October 19, 2021, during proceedings held before this Court at which Defendants failed to appear, Defendants' motion to dismiss was denied and Defendants were Ordered to file an answer to the Complaint by November 18, 2021; further, Defendant Antigua Pharmacy LLC was Ordered to appear by counsel. See Text Only Order dated October 19, 2021.

12. Defendants have not filed any answer to date.

13. Upon Plaintiff's request on February 9, 2022, certificates of default were entered in this case against the Defendants. See Docket Entry 33-34.

14. The applicable default applies to all Defendants in this case. Upon entry of a default, the court may award damages based upon evidence submitted through declarations and exhibits, or by an evidentiary hearing. See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).

15. "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id.

16. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

17. Under Rule 55(b)(2)(B), it is well within the discretion of the Court to decline to hold such a hearing when the plaintiff submits an affidavit attesting, based on "real numbers," to the extent of damages. See Tamarin v. Adam Caterers, Inc., *supra*.

18. As demonstrated in the damage calculations below, and as testified to by Plaintiff in the declaration attached hereto as **Exhibit "A,"** the damages sustained by the Plaintiff can be ascertained and computed. Therefore, no hearing is required as to the extent of such damages.

19. Plaintiff worked for Defendants as a nonexempt hourly employee from approximately September 2019 through May 2020, a period of approximately thirty-nine (39) weeks.

20. Plaintiff worked approximately forty-five (45) hours per week and was paid $55.00 per hour for all hours worked with no overtime premium for hours worked in excess of forty (40) hours per week as required by law.

21. Indeed, although Plaintiff was entitled to overtime wages at $82.50 per hour for all hours worked in excess of forty (40) hours per week, he only received $55.00 per overtime hour.

22. Defendants thus have a policy of paying at straight-time rates regardless of the number of hours worked.

23. As a result, Plaintiff was never paid an overtime premium for hours worked in excess of forty (40) hours per week.

24. He is therefore entitled to damages, under the law, as follows: $82.50 owed per hour minus $55.00 paid per hour equals $27.50 overtime differential per hour times five (5) overtime hours per week equals $137.50 underpaid per week times thirty-nine (39) weeks equals $5,362.50 in base unpaid wages.

25. Under the FLSA and the NYLL, an employer pays 100% liquidated damages for violations.

26. As such, Plaintiff is entitled to $10,725.00 in overtime wages.

27. In addition, the Company required Plaintiff to pay for supplies the Defendants needed totaling $10,541.89.

28. Though the Defendants reimbursed Plaintiff $5,527.00 by check, that check payment bounced and Plaintiff incurred a bank fee of approximately $15.00 for that bounced check.

29. It was unlawful for the Company to require Plaintiff to pay for the supplies, and the same amounts to an unlawful deduction from wages. See NYLL § 193.

30. Therefore, Plaintiff is owed $5,362.50 in base unpaid wages and $10,541.89 in wages unlawfully deducted, and an equal amount of $15,904.39 in liquidated damages for a total due of $31,083.78.

31. Moreover, Defendants failed to provide notice of Plaintiff's pay rate; Defendants also failed to provide accurate wage statements to Plaintiff or otherwise maintain accurate records required under the NYLL. These violations total $10,000.00. See NYLL §§ 195, 198.

32. Thus, Plaintiff has incurred $41,083.78 in damages.

33. Plaintiff is also entitled to interest on these damages.

34. Interest has accrued on the unpaid and unlawfully deducted wages owed to Plaintiff in the amount of (as of February 9, 2020) $5,328.51.

35. This figure is computed by multiplying 526 (the number of days that has passed between now and the midpoint[1] of the time period during which the unpaid minimum wage and/or overtime was earned) times (0.09, the annual pre-judgment interest rate provided under New York law[2] / 365, the number of days per year) times $41,083.78 (the amount of unpaid minimum wage and/or overtime).

36. Plaintiff has entered into a retainer agreement with their counsel, Shalom Law, PLLC ("the firm"), under the terms of which the firm would be entitled to recover all costs expended pertaining to this matter ("costs") out of funds recovered pursuant to a judgment or settlement agreement, plus 40% of all remaining proceeds of such judgment or settlement agreement. Plaintiff, through his counsel, asks the Court to approve the payment of costs and attorneys' fees to the firm from the proceeds of the default judgment to be entered in accordance with the terms of said retainer agreement.

37. A proposed judgment is annexed hereto as **Exhibit "B."**

38. For the foregoing reasons, Plaintiff's motion for a default judgment should be granted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2022.

                                                        **JONATHAN SHALOM, ESQ.**

---

[1] In instances where liabilities on which interest accrues were incurred over an extended period of time, courts have often found it useful to use the midpoint of such time for purposes of calculating the amount of interest accrued. See, e.g., U.S. Fidelity and Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34 (2d Cir. 2004).

[2] See New York Civil Practice Law & Rules ("CPLR") § 5004. The state law rate of interest governs for judgment on all claims arising under state law (even if such judgment is obtained in federal court). See, e.g., Pereira v. Marshall & Sterling, Inc (In re Payroll Express Corp), 2005 Bankr. LEXIS 3147, *6-7 (Bankr. S.D.N.Y. July 28, 2005).