UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICK GIOULES,

                          Plaintiff,

    -against-

ANTIGUA PHARMACY LLC and BRENDALIS ANTIGUA,

                        Defendants.
-----------------------------------------------------------------X

Case No.: 1:21-cv-6400 (JPC) (SDA)

**<u>DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS</u>**

      **NICK GIOULES**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am the Plaintiff in this case, and I have personal knowledge of the facts set forth below.

2. I submit this affidavit in support of my motion by Order to Show Cause for an entry of default judgment against Defendants.

3. I was employed as pharmacist by Antigua Pharmacy LLC and Brendalis Antigua (the "Defendants"), located at 1961 Southern Boulevard Bronx, NY 10460-1419.

4. The Defendants had the power to hire and fire me, control my terms and conditions of employment, and determine the rate and method of my compensation.

5. I know that Brendalis Antigua is not in the military service of the United States of America because I have seen her regularly at Antigua Pharmacy LLC where I worked.

6. I worked for Defendants as a nonexempt hourly employee from approximately September 2019 through May 2020, a period of approximately thirty-nine (39) weeks.

7. I worked approximately forty-five (45) hours per week and was paid $55.00 per hour for all hours worked with no overtime premium for hours worked in excess of forty (40) hours per week as required by law.

8. Indeed, although I was entitled to overtime wages at $82.50 per hour for all hours worked in excess of forty (40) hours per week, I only received $55.00 per overtime hour.

9. Defendants thus have a policy of paying at straight-time rates regardless of the number of hours worked.

10. As a result, I was never paid an overtime premium for hours worked in excess of forty (40) hours per week.

11. I am therefore entitled to damages, under the law, as follows: $82.50 owed per hour minus $55.00 paid per hour equals $27.50 overtime differential per hour times five (5) overtime hours per week equals $137.50 underpaid per week times thirty-nine (39) weeks equals $5,362.50 in base unpaid wages.

12. Under the FLSA and the NYLL, an employer pays 100% liquidated damages for violations.

13. As such, I am entitled to $10,725.00 in overtime wages.

14. In addition, the Company required me to pay for supplies the Defendants needed totaling $10,541.89.

15. Though the Defendants reimbursed me $5,527.00 by check, that check payment bounced and I incurred a bank fee of approximately $15.00 for that bounced check.

16. It was unlawful for the Company to require me to pay for the supplies, and the same amounts to an unlawful deduction from wages.  See NYLL § 193.

17. Therefore, I am owed $5,362.50 in base unpaid wages and $10,541.89 in wages unlawfully deducted, and an equal amount of $15,904.39 in liquidated damages for a total due of $31,083.78.

18. Moreover, Defendants failed to provide notice of my pay rate; Defendants also failed to provide accurate wage statements to me or otherwise maintain accurate records required under the NYLL.  These violations total $10,000.00.  See NYLL §§ 195, 198.

19. Defendants never posted any notice or notified me by any other means of my wages.

20. I remain unpaid for overtime wages and wages unlawfully deducted from me.

21. Thus, I have incurred $41,083.78 in damages.

22. I am also entitled to interest on these damages as set forth by my attorneys.

23. Interest has accrued on the unpaid and unlawfully deducted wages owed to Plaintiff in the amount of (as of February 9, 2020) $5,328.51.

24. I have entered into a retainer agreement with my counsel, Shalom Law, PLLC ("the firm"), under the terms of which the firm would be entitled to recover all costs expended pertaining to this matter ("costs") out of funds recovered pursuant to a judgment or settlement agreement, plus 40% of all remaining proceeds of such judgment or settlement agreement.

25. I ask the Court to approve the payment of costs and attorneys' fees to the firm from the proceeds of the default judgment to be entered in accordance with the terms of said retainer agreement.

26. I respectfully submit this declaration in support of my motion for default judgment.

27. For the foregoing reasons, my motion for a default judgment should be granted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 9, 2022.

_____
NICK GIOULES

3