UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICK GIOULES,

                              **Case No.: 1:21-cv-6400 (JPC) (SDA)**

        Plaintiff,

   -against-

ANTIGUA PHARMACY LLC and BRENDALIS
ANTIGUA,

        Defendants.
------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION FOR DEFAULT JUDGMENT**


**SHALOM LAW, PLLC**

Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
Jonathan@shalomlawny.com

*Attorneys for Plaintiff*

**PRELIMINARY STATEMENT**

Plaintiff NICK GIOULES ("Plaintiff"), by his attorneys SHALOM LAW, PLLC, respectfully submits this memorandum of law in support of his motion for default judgment against Defendants.

**FACTS**

Plaintiff and his counsel rely on the facts as stated in the declarations of Nick Gioules and Jonathan Shalom, Esq. submitted in support of Plaintiff's motion for a default judgment and the docket in this action. Counsel will reference the same in the forthcoming legal argument where necessary and, for the sake of economy, will not recite the aforesaid in whole here.

**ARGUMENT**

**I.      PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT**

It is well settled that defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, the Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment. Upon entry of a default, the court may award damages based upon evidence submitted through affidavits (declarations) and exhibits, or by an evidentiary hearing. See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).

"While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiffs have put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $41,083.78, plus attorneys' fees.

  a. <u>Plaintiff is Entitled to Recover Unpaid Overtime Wages & Unlawful Deductions</u>

The FLSA provides that non-exempt employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. See 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. See 12 NYCRR § 146-1.4.

The onus is on an employer to maintain records of employees' hours worked and wages paid. See 29 U.S.C. §211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." See Zeng Liu v. Jen Chu Fashion Corp, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004).

In the instant case, Plaintiff worked approximately forty-five (45) hours per week and was paid $55.00 per hour for all hours worked, including those in excess of forty (40) hours a week. a fixed weekly salary. Indeed, although Plaintiff was entitled to overtime wages at $82.50 per hour for all hours worked in excess of forty (40) hours per week, he only received $55.00 per overtime hour.

He is therefore entitled to damages, under the law, as follows: $82.50 owed per hour minus $55.00 paid per hour equals $27.50 overtime differential per hour times five (5) overtime hours per week equals $137.50 underpaid per week times thirty-nine (39) weeks equals $5,362.50 in base unpaid wages.

In addition, the Company required Plaintiff to pay for supplies the Defendants needed totaling $10,541.89. Though the Defendants reimbursed Plaintiff $5,527.00 by check, that check payment bounced and Plaintiff incurred a bank fee of approximately $15.00 for that bounced check. It was unlawful for the Company to require Plaintiff to pay for the supplies, and the same amounts to an unlawful deduction from wages. See NYLL § 193. Therefore, Plaintiff is owed $5,362.50 in base unpaid wages and $10,541.89 in wages unlawfully deducted, for a total unpaid wage amount of $15,904.39.

  b. <u>Plaintiff is entitled to liquidated damages</u>

Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. See 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Their very default is in itself a sign of not only the absence of good faith, but a showing of bad faith and an unfruitful attempt to avoid their responsibilities under the law. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. See 29 U.S.C. § 216(b).

Likewise, under the NYLL, an employee is also entitled to liquidated damages "equal to one hundred percent of the total of such underpayments found to be due," unless the employer proves a good faith basis for believing he or she was in compliance with the law. See NYLL § 663(1). Plaintiffs are therefore entitled to liquidated damages in the amount of $15,904.39 for minimum and overtime wage violations. See Id. The total amount due is therefore $31,083.78.

  c.  <u>Plaintiff is entitled to statutory damages for recordkeeping violations</u>

Defendants never provided Plaintiff with wage noticed at the start of their employment or annually, or a wage statement with each payment of wages as required by NYLL §§ 195(1) and 195(3). Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.

  iv.  <u>Plaintiff is entitled to attorneys' fees and costs</u>

The FLSA and NYLL both contain fee-shifting provisions for actions to recover unpaid wages. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); see also NYLL § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"). Plaintiff incurred costs and attorneys' fees in pursuing this action and seek an award of reasonable attorneys' fees and costs.

The attorneys' fees and costs total $18,564.92, including a filing fee of $402.00 and fees associated with serving the defendants with the summons and complaint for a total of $625.00 in costs. A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, may be found in the Shalom Declaration.

     v.     <u>Plaintiff is entitled to additional damages</u>

Plaintiffs are also entitled to an award of prejudgment interest on the minimum and overtime damages at the rate of 9% per annum. Plaintiffs also request that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion for a default judgment.

Dated:   Forest Hills, New York
           February 10, 2022          **SHALOM LAW, PLLC**

                                          By:  */s/Jonathan Shalom, Esq.*_____
                                          Jonathan Shalom, Esq.
                                          105-13 Metropolitan Avenue
                                          Forest Hills, NY 11375-6737
                                          (718) 971-9474 (office)
                                          Jonathan@shalomlawny.com

                                          *Attorneys for Plaintiff*