UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NICK GIOULES,

                                 Plaintiff,

**Case No.: 1:21-cv-6400 (JPC) (SDA)**

        -against-

ANTIGUA PHARMACY LLC and BRENDALIS
ANTIGUA,

                                Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF HIS MOTION FOR DEFAULT JUDGMENT**

**SHALOM LAW, PLLC**

Jonathan Shalom, Esq.
10513 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com

*Attorneys for Plaintiff*

**PRELIMINARY STATEMENT**

Plaintiff NICK GIOULES ("Plaintiff"), by his attorneys SHALOM LAW, PLLC, respectfully submits this reply memorandum of law in further support of his motion for default judgment against Defendants.

**FACTS**

This case was commenced on July 27, 2021, nearly nine (9) months ago. See ECF Docket Entry 1. Both the corporate defendant and individual defendant were served at its principal place of business and place of business, respectively, on August 11, 2021, by leaving process with Hana Yigzaw, a co-worker,[1] who stated that she was authorized to accept service on behalf of each Defendant. See ECF Docket Entries 9-10. As such, Defendants' answer was due on September 10, 2021, thirty (30) days later.

Six (6) days later, Defendant appeared and even filed a *pro se* motion to dismiss, which was subsequently denied by an Order from this Court dated October 19, 2021, which arose from the initial pretrial conference in this case which Defendants failed to appear for. See ECF Docket Entries 7-8, 16. Notwithstanding Defendants' failure to appear, this Court Ordered Defendants to file an answer to the complaint by November 18, 2021. See ECF Docket Entry 16. Defendants failed to do so. Plaintiff sought, in good faith, to settle his claims against Defendants by the mediation process, which Defendants failed to engage in, and required letter motion practice to Order Defendants to appear at the mediation by and through counsel, which this Court granted. See ECF Docket Entries 15, 17-22.

---

[1] "'All that is required under [New York Civil Practice Law & Rules ("CPLR") §] 308 subdivision 2, with respect to personal service … is that process be served upon 'a person of suitable age and discretion at the actual place of business,' regardless of whether or not that person is an employee or is otherwise officially authorized to accept service on behalf of the defendant.'" See Dantzig v. Cty. of Westchester, No. 19-CV-8811 (NSR), 2021 WL 1030655, at *5 (S.D.N.Y. Mar. 16, 2021) (quoting Pub. Adm'r of the Cty. of New York v. Markowitz, 163 A.D.2d 100, 100-01 (1st Dept. 1990)) (citing Xiao Hong Wang v. Chi Kei Li, 169 A.D.3d 593, 594 (1st Dept. 2019)).

Defendants failed to appear by counsel despite repeated Orders from this Court requiring the same, forcing Plaintiff to engage in costly motion practice. See ECF Docket Entries 23-49.

Faced with the prospect of a judgment by default, Defendants finally appeared by counsel on March 3, 2022. See ECF Docket Entry 50.

In opposition, Brendalis Antigua ("Antigua") avers in a sworn declaration that her pharmacy opened "around March of 2020," had only two (2) employees in addition to Antigua, and grossed only $367,000.00. See ECF Docket Entry 51-1 at ¶¶ 3-4. She also avers that Plaintiff worked at the pharmacy from March 1, 2020 through April 30, 2020, and that Plaintiff did not work from March 22, 2020 through April 6, 2020. Id. at ¶¶ 11-12. She submits under oath that Plaintiff was paid $15,510.00 "for the hours he worked during this period of time" without providing any evidence or shedding any light on the number of hours he worked each week. Id. at ¶ 13.

Without specifying why it took her until March 2022 to retain counsel, Antigua further avers that she "complied with the Court's Order to obtain counsel." Id. at ¶ 9. However, this Court first notified Antigua that her pharmacy "is advised that a corporation [or limited liability company] may not proceed *pro se* and a failure to retain counsel may result in a default being entered against the corporate defendant, i.e., her pharmacy, on October 19, 2021, over four (4) months ago. See ECF Docket Entry 16.

Antigua was reminded once more on November 1, 2021 that her pharmacy is required to be represented by counsel. See ECF Docket Entry 18. On November 22, 2021, this Court noted that both Antigua and her pharmacy failed to file an answer to the Complaint on November 18, 2021 as required by the October 16, 2021 Order. See ECF Docket Entry 19.

For the reasons set forth below, Plaintiff's motion for a default judgment must be granted.

**ARGUMENT**

### I.      LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") governs judgments against a party that has failed to plead or otherwise defend itself in an action. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61 (2d Cir. 1981) (defendant's ongoing failure to appear supported failure to plead for the purpose of entry of default).

Rule 55 requires a two-step process for an entry of a default judgement. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). First, upon notification from the moving party, the court clerk enters a default of the party who failed to defend. See Priestley v. Headminder, Inc., 647 F.3d 497, 505 (2d Cir. 2011) (citing Fed. R. Civ. P. 55(a)). Second, once the clerk issues a certificate of default, the moving party may apply for entry of default judgment pursuant to Rule 55(b). Id.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). To determine whether a motion for default judgment is warranted, courts within this district consider three factors: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. See Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court's grant of a default judgment). As set forth below, all three of the foregoing factors weigh in Plaintiff's favor, and Defendants fail to establish that their default was not willful, the existence of any meritorious defense, nor any prejudice from their knowing failures to comply with this Court's Orders.

A judgment by default must thus be granted.

a.      Defendants' Default was Willful

The corporate Defendant's failure to respond to appear by counsel as required by law and both Defendants' failure to answer the Plaintiff's Complaint as required by this Court's Orders are indicative of willful conduct. See Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996) (the Second Circuit courts look for evidence of bad faith or more than mere negligence to satisfy the willfulness standard).  Indeed, the Second Circuit has never stated whether "willfulness" requires a showing of deliberate default or bad faith on the part of the defaulting party, or whether mere carelessness or negligence will be deemed sufficient to deny vacatur of a default judgment. See Id. at 59-60.

Here, as set forth above, Defendants knew about this lawsuit, appeared and initially defended themselves (albeit the corporate Defendant did not properly do so by counsel), and then decided to flout this Court's repeated Orders to appear by counsel and file an answer.  What's worse, Defendants failed to even mediate the case, wasting more the Court's precious time and resources.  The Second Circuit has refused to vacate a judgment where the moving party had apparently made a strategic decision to default. See United States v. Erdoss, 440 F.2d 1221 (2d Cir.), cert. denied, 404 U.S. 849 (1971); Dal International Trading Co. v. Sword Line, Inc., 286 F.2d 523 (2d Cir.1961); Benton v. Vinson, Elkins, Weems & Searls, 255 F.2d 299 (2d Cir.), cert. denied, 358 U.S. 885 (1958).

As such, this Court should make a finding that Defendants have willfully defaulted.

b.      Defendants Have No Meritorious Defenses

Defendants argue that a judgment by default is inappropriate due to the alleged existence of factual disputes.

4

However, as set forth *supra*, a default constitutes an admission of all well-pleaded factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. See Greyhound Exhibitgroup, Inc., 973 F.2d at 158.  As such, this argument is just plain wrong.

Defendants also argue that they are "financially struggling" as a basis for denying the relief sought by Plaintiff.  This is equally unavailing, as Defendant Antigua was permitted to continue representing herself *pro se* and failed to file an answer as required by Court Order.  See ECF Docket Entry 19.  She also failed to conduct a mediation as required by Court Order.  See ECF Docket Entry 15.  What is jarring about her failure to file an answer is that this Court expressly advised Antigua that she may proceed *pro se* if she chooses to do so on behalf of herself.  See ECF Docket Entry 18 ("While … Antigua may of course proceed *pro se* in this action if that individual so chooses, should [the corporate defendant] wish to defend itself …, it must retain … counsel").

Defendants argue, in addition, that an undisclosed medical condition she suffered from last year in the fall and the COVID-19 pandemic somehow prevented her from defending herself. However, this argument also lacks merit because Defendants concededly appeared *pro se* six (6) days after she was served – during the Summer, prior to the fall – and she failed to inform the Court of this by appearing, writing, calling, or sending a carrier pigeon.

Moreover, Defendants' claim that she was "forced to close due to the Covid pandemic" from March 23, 2020 through April 6, 2020 is patently false, as former Governor Andrew M. Cuomo announced on March 20, 2020 that he is signing the "New York State on PAUSE" executive order, a 10-point policy to assure uniform safety for everyone, which included a new directive that all *non-essential businesses* statewide must close in-office personnel functions effective at 8PM on Sunday, March 22, 2020.[2]  Pharmacies were exempt as essential businesses!

---

[2] See https://www.governor.ny.gov/news/governor-cuomo-issues-guidance-essential-services-under-new-york-state-pause-executive-order (last accessed March 17, 2022).

Defendants further submit that they are not a covered employer under the Fair Labor Standards Act ("FLSA").  This is not true, either.  As Defendants themselves point out, there exists individual FLSA coverage, which merely requires an employee must be engaged – personally and individually – either in commerce or in the production of goods for commerce.  See 29 C.F.R. § 783.19.  If an individual qualifies for coverage as an employee engaged in commerce or in the production of goods for commerce, his employer is obliged to pay him the statutory minimum wage and overtime compensation prescribed by the FLSA.  See 29 C.F.R. § 776.2(a).  The employer cannot avoid its obligations on the ground that it is not engaged in commerce or in the production of goods for commerce, or otherwise fails to meet the annual gross revenue requirement. Indeed, to the extent that its employees are engaged in commerce or in the production of goods for commerce, an employer itself is so engaged.

As set forth in the complaint, Plaintiff purchased supplies the Defendants needed totaling $10,541.89.  See ECF Docket Entry 1 at ¶ 32.  As Plaintiff recalls, some or all of these supplies were purchased outside the State of New York, or were otherwise goods that moved in interstate commerce, and were handled by Plaintiff.  See Reply Declaration of Nick Gioules ("Gioules Reply Decl.") at ¶¶ 3-5; see also Payamps v. M & M Convenience Deli & Grocery Corp., No. 16-CIV.-4895 (LDH) (SJB), 2019 WL 8381264, at *7 (E.D.N.Y. Dec. 9, 2019) (finding that individual FLSA coverage existed because "many of the items sold by M&M and A&MM such as beverages, packaged foods, etc., were 'part of an interstate stream of commerce, having been grown, produced, manufactured, processed, or otherwise handled outside of New York State,' and delivered to M&M and A&MM for sale. … The Second Amended Complaint also alleges that the Plaintiffs and other employees handled these items. … M&M, therefore, has employees engaged in commerce").  Thus, this purported defense is not meritorious.

8

Another purported "meritorious" defense of Defendants is that Plaintiff did not work for the period set forth in the complaint.  In her sworn declaration, Antigua avers that Plaintiff only worked for Defendants from March 1, 2020 through April 30, 2020.  This is demonstrably untrue, as Plaintiff provides evidence that he worked for Defendants from at least January X, 2020, detailing the work he performed for Defendants, and that he continued to work for Defendants through the pandemic.  See Gioules Reply Decl. at ¶¶ 6-16, Exhibit A (text messages between Plaintiff and Antigua: (i) dated January 6, 2020, discussing running a test claim at the pharmacy; and (ii) dated March 25, 26, and 27 in 2020, stating that Plaintiff got tested and is already at the pharmacy, that Plaintiff is running late by thirty minutes, and asking Plaintiff to obtain 500 N95 masks).  As such, not only do Defendants fail to present a meritorious defense, Antigua has perjured herself.

Finally, Defendants claim that Plaintiff was exempt from overtime as either a professional or a "supervisor."[3]  No such exemptions apply, however, where an employee who would otherwise qualify for an exemption from overtime is paid on an hourly basis, as Plaintiff was.  See ECF Docket Entry 1 at ¶¶ 21-22 (alleging that Plaintiff was paid $55.00 per hour for every hour worked); see also Padilla v. Sheldon Rabin, M.D., P.C., 176 F. Supp. 3d 290, 302 (E.D.N.Y. 2016) ("In order to meet the learned professional exemption under the FLSA, both the "salary basis" and "primary duty" tests must be satisfied … An employee paid on a "salary basis" will receive a predetermined sum representing part or all of the employee's compensation on a regular basis. … Because the salary basis test was not satisfied [as there was evidence in the record to show the plaintiff was paid hourly], plaintiff does not fall within the learned professional exemption") (citing 29 C.F.R. §§ 541.300(a) and 541.604(b)).

---

[3] Defendants must be referring to the executive exemption under the FLSA.

The same applies for the executive exemption, similarly rendering that defense dead on arrival. See Martinez v. Hilton Hotels Corp., 930 F. Supp. 2d 508, 520 (S.D.N.Y. 2013) ("The FLSA does not define the term 'bona fide executive' and instead directs the Secretary of Labor to do so by regulation. … Regulations issued by the Department of Labor provide that the exempt or nonexempt status of an employee cannot be assessed from an employee's job title alone, but instead must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations. 29 C.F.R. § 541.2. The Department of Labor has defined an "employee employed in a bona fide executive capacity" as an employee: (1) Compensated on a salary basis at a rate of not less than $455 per week ...") (citing 29 C.F.R. § 541.100(a)).

Accordingly, Defendants have demonstrably failed to establish the existence of any meritorious defense.   Moreover, Defendants have perjured themselves, further cementing Plaintiff's entitlement to a judgment by default.

      c.      Defendants Submission Itself Shows that Plaintiff is Prejudiced by Delay

As Defendants submit, "[p]rejudice results when delay causes the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion." See Ward v. Ramkalawan, No. 11–CV–4295 (JS) (ARL), 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013) (internal quotation marks omitted), report and recommendation adopted, 2013 WL 1149068 (E.D.N.Y. Mar. 19, 2013).

Here, as set forth above, Defendants failed to respond to the Complaint after appearing and forced Plaintiff to file the instant motion for default, which motion they now seek to have this Court deny by submitting perjured testimony.  Accordingly, this is not a case of "delay alone" serving as a "sufficient basis for establishing prejudice;" rather, Defendants' own conduct in attempting to fabricate evidence by self-serving unsupported statements is wholly improper.

8

As such, Plaintiff plainly establishes the existence of prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion for a judgment by default.  Defendants have no defense and Plaintiff has agreed to have this motion held in abeyance pending a mediation between the parties.  Should the parties fail to resolve this case at mediation, Plaintiff will so notify this honorable Court and request a decision on the instant motion.

Dated:   Forest Hills, New York
      March 18, 2022               **SHALOM LAW, PLLC**

                                     By:  */s/Jonathan Shalom, Esq.*_____
                                     Jonathan Shalom, Esq.
                                     10513 Metropolitan Avenue
                                     Forest Hills, NY 11375-6737
                                     (718) 971-9474 (office)
                                     jonathan@shalomlawny.com

                                     *Attorneys for Plaintiff*